**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

GABRIEL LEE EVANS,

  Petitioner,

  v.

PAUL THOMPSON, Warden,

  Respondent.

:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.
1:04-CV-2866-RWS

HABEAS CORPUS
28 U.S.C. § 2254

<u>**ORDER**</u>

  Now before the Court are Petitioner Gabriel Evans' Petition for Writ of

Habeas Corpus [1]; Motion of Amendment to his Enumerations of Error [17];

Motion to Amend an Additional Claim [19]; and Motion to Amend Objections

to Report & Recommendation [23].  As a preliminary matter, Petitioner's

Motion to Amend his Objections to the Magistrate's Final Report and

Recommendation [23] is hereby **GRANTED** *nunc pro tunc*.

  These matters come before the Court for review and consideration of the

Order and Final Report and Recommendation [20-1] of United States

Magistrate C. Christopher Hagy and Petitioner's Objections thereto [21, 23].

Having reviewed the record in this case and thoroughly considered Petitioner's

Objections, as amended, to the Magistrate's Report, the Court adopts the

Magistrate's factual findings.  The Court concurs with and adopts, as

augmented herein, the Magistrate's analysis and conclusions of law.

## II.    Petitioner's Claims for Habeas Relief

The Court has reviewed the Magistrate's Report and concurs with Judge

Hagy's analysis and conclusions.  With respect to Petitioner's claim that he is

entitled to relief based on the alleged inadequacy of the state habeas

proceedings, even assuming that the state proceedings were, in fact, inadequate,

that is not grounds for federal habeas corpus relief.  See Quince v. Crosby, 360

F.3d 1259, 1261-662 (11th Cir. 2004) ("[W]hile habeas relief is available to

address defects in a criminal defendant's conviction and sentence, an alleged

defect in a collateral proceeding does not state a basis for habeas relief.").

Moreover, the Court agrees that Petitioner has failed to provide evidence of a

clear and convincing character sufficient to rebut the presumption of

correctness which attaches to the state court's factual findings.  See 28 U.S.C.

§ 2254(e)(1) ("[A] a determination of a factual issue made by a State court shall

2

be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").  Finally, the Court agrees that the record is sufficient for determination of Petitioner's claims and that Petitioner has failed to establish that an evidentiary hearing is warranted. See id § 2254(e)(2) (providing that where the factual basis for a petitioner's claims is not fully developed, federal courts  shall not hold an evidentiary hearing unless the claim relies upon (i) a new rule of constitutional law made retroactive to cases on collateral review; (ii) a factual predicate not discoverable through the exercise of due diligence; or (iii) the underlying facts are sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense).  Accordingly, the Court adopts the Magistrates Report and Recommendation, and Petitioner's first claim for relief is hereby denied.

With respect to Petitioner's various ineffective assistance of counsel claims, the Court agrees with the Magistrate's conclusion that Petitioner is not entitled to relief.  Petitioner has failed to show either that the state habeas court's determination of these claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

3

Court of the United States," id. § 2254(d)(1), or that the state habeas court's resolution of these claims was based upon "an unreasonable determination of the facts in light of the evidence presented."  Id. § 2254(d)(2).  Accordingly, the Court concurs with, and hereby adopts, the Magistrate's Report and Recommendation, and Petitioner's claims for habeas relief on these grounds are hereby **DENIED**.

### III.    Motions to Amend Petition for Writ of Habeas Corpus

Petitioner, in two separate motions, seeks leave to amend his Petition and assert two new claims for habeas relief.  In his first motion, Petitioner seeks leave to assert a claim that the indictment under which he was convicted was fatally flawed.  (See Motion of Amendment to his Enumerations of Error [17].) In his second motion, Petitioner seeks leave to assert a claim that the jury rendered "mutually exclusive" verdicts when it adjudged him guilty of both kidnaping and kidnaping with bodily injury.  (See Petitioner's Motion to Amend an Additional Claim [19].)  The Magistrate recommended that Petitioner's motions to amend be denied on the grounds that they are untimely and do not relate back to Petitioner's timely filed claims.  (See Report & Recommendation at 22-24.)  With respect to his "mutually exclusive verdict" claim, Petitioner

4

objects to the Magistrate's conclusion and contends that this claim, in fact, relates back to his timely claims of ineffective assistance of counsel contained in his Petition.  (See Mot. for Leave to Amend Objections [23] at 1-3.)

Initially, the Magistrate correctly determined that these claims are untimely under 28 U.S.C. 2244, and as such, amendment is only proper if the claims relate back to Petitioner's initial filing.  See Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000).  In order for an untimely amendment to a habeas petition to relate back under Federal Rule of Civil Procedure 15(c)--and thus escape the AEDPA's one-year time limit--the new claim for relief must be supported by facts that do not differ in both time and type from those set forth in the original pleading.  Mayle v. Felix, ___ U.S. ___, 126 S. Ct. 2562, 2566, 162 L. Ed. 2d 582 (2005); see also id. at 2574 ("So long as the original and amended portions state claims that are tied to a common core of operative facts, relation back will be in order."); Davenport, 217 F.3d at 1344 ("[I]n order to relate back, the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.' ").

5

In this case, Petitioner timely asserted various challenges to the effectiveness of his representation.  Specifically, Petitioner asserted, inter alia, that his appellate counsel performed ineffectively by not raising on appeal the trial court's failure to instruct the jury that Petitioner could not be convicted of more than one of the charged crimes arising out of the same act.  (See Habeas Pet. [1] at 32-35.)  Now, Petitioner seeks leave to amend his Petition and assert, independent of those ineffective assistance claims, a claim that the jury's decision to convict on both a charge of kidnaping and kidnaping with bodily injury violates the Double Jeopardy Clause.  The Magistrate recommended that Petitioner's request to amend be denied because "[c]laims regarding pre-trial or trial error involve occurrences that are distinct and separate in time and type from [counsel's] conduct in representing Petitioner on those claims at the motion for new trial and on appeal."  (Report & Recommendation at 23-24.) The Court agrees.

Moreover, even assuming that relation back is warranted, the Court would decline to allow the amendment because it is futile.  "A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts."  Judd v. Haley, 250

6

F.3d 1308, 1313 (11th Cir. 2001).  Provided that the state court's determination rests upon an independent and adequate state ground, "the state court's rejection of a petitioner's constitutional claim on state procedural grounds generally precludes any subsequent federal habeas review of that claim."  Id.

In order for a state court's procedural ruling to constitute an independent and adequate state law ground sufficient to preclude federal habeas review, three prerequisites must be satisfied:

> First, the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. [cit.] Secondly, the state court's decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. [cit.]  Finally, the state procedural rule must be adequate; i.e., it must not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for the purposes of the procedural default doctrine.

Id. (internal quotations and citations omitted).

Under Judd, the state habeas court's procedural ruling constitutes an independent and adequate state ground sufficient to preclude federal review. First, the state habeas court expressly denied the claim on the basis that it was

procedurally defaulted without reaching the merits of the claim.  (See Order

Denying Habeas Relief [13-4] at 2-3.)  Second, the determination rested solidly

on state law grounds.  (See id. (finding claim procedurally defaulted under

O.C.G.A. § 9-14-48(d) and concluding that Petitioner had failed to establish

cause or prejudice as required under the statute).)  Finally, nothing about the

state rule or its application indicates that it is either "manifestly unfair" or that it

was applied in an arbitrary or unprecedented fashion.  Accordingly, the state's

determination that this claim was procedurally defaulted constitutes an

independent and adequate state law ground for the denial of Petitioner's claims.

　　　Where a state court has determined that a claim is not reviewable due to

procedural default, a federal court may not grant collateral relief to a state

habeas petitioner unless the petitioner establishes both "cause" and "prejudice".

See Devier v. Zant, 3 F.3d 1445, 1455 (11th Cir. 1993) ("Absent a showing that

the 'cause and prejudice' standard has been met, a federal court may not grant

collateral relief to a state habeas petitioner whose claims are nonreviewable in

state court due to procedural default.").  In this case, Petitioner's only allegation

of "cause" sufficient to excuse the procedural default of this claim in state court

rests on his claim that his attorneys rendered ineffective assistance.  But, as the

Magistrate correctly concluded and as discussed above, Petitioner's counsel did not perform ineffectively.  Therefore, Petitioner has failed to establish sufficient cause to excuse the procedural default, and as such, Petitioner is not entitled to habeas relief on this claim.  See Devier, 3 F.3d at 1455.  Accordingly, any amendment of the Petition to assert this claim would be futile and should not be allowed.

### Conclusion

For the reasons set forth above, Petitioner's Motion for leave to Amend his Objections to the Magistrate's Report [23] is is **GRANTED** *nunc pro tunc*; the Magistrate's Report and Recommendation [20-1] is hereby **ADOPTED**; Petitioner's (i) Objections to the Magistrate's Report [21], as amended [23], are hereby **OVERRULED**; (ii) Motion of Amendment to his Enumerations of Error [17] is hereby **DENIED**; (iii) Motion to Amend an Additional Claim [19] is hereby **DENIED**; and (iv) Petition for Writ of Habeas Corpus [1] is hereby **DENIED**.

**SO ORDERED** this __15th__ day of March, 2006.

/s/ Richard W. Story
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

9