IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION


GABRIEL LEE EVANS,      :
      :
     Petitioner,      :   CIVIL ACTION NO.
      :   1:04-CV-2866-RWS
   v.      :
      :   HABEAS CORPUS
PAUL THOMPSON, Warden,   :   28 U.S.C. § 2254
      :
     Respondent.     :

## ORDER

This case comes before the Court on Petitioner's Motion to Amend his Motion for Certificate of Appealability [39].

On September 9, 2004, Petitioner Gabriel Lee Evans filed a Petition for Writ of Habeas Corpus in this Court.  (See Petition [1].)  United States Magistrate Judge C. Christopher Hagy recommended that the Petition be denied, finding Petitioner's arguments to lack merit.  Judge Hagy also declined to grant Petitioner leave to amend his petition after the expiration of 28 U.S.C. § 2244(d)(2)'s one-year limitations period to include Double Jeopardy and defective indictment claims.  In denying such leave, he found those claims untimely, incapable of "relating back" to the original petition because they

lacked the requisite nexus with the ineffective assistance claims set forth in the original petition.  (See Report [20] at 23 (citing Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000) ("[I]n order to relate back, the untimely claim must have arisen from the same 'set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.' ").)

By Order entered March 15, 2006, this Court concurred with Judge Hagy's conclusions, and denied the Petition for Writ of Habeas Corpus.  (See Mar. 15, 2006 Order [24].)  Relying predominantly on the reasoning expressed by Judge Hagy in his Report, the Court additionally held that the arguments Petitioner attempted to raise as untimely "amendments" to his petition were properly rejected because they were futile.  Those claims had been dismissed on independent and adequate state procedural grounds (i.e., procedural default) by the state habeas court.  (Id. at 6-9.)

On March 27, 2006, Petitioner filed a Motion for Certificate of Appealability which was construed as a Notice of Appeal.  (See Mot. for COA [26].)  By Order entered May 17, 2006, this Court denied Petitioner's application for Certificate of Appealability, concluding that because Petitioner's underlying claims lacked even arguable merit, Petitioner had failed to make a

substantial showing of the denial of a constitutional right.  (See Order of May, 17, 2006 [29] at 10-11.)  On March 9, 2007, almost one year after the Court denied his request for a certificate of appealability, Petitioner filed the instant Motion.  In this Motion, Petitioner seeks to amend his Motion for Certificate of Appealability, which this Court has previously denied. Accordingly Petitioner's Motion to Amend is **DENIED as moot**.[1]

   **SO ORDERED** this   12th   day of April, 2007.


_Richard W. Story_
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

   [1] On March 2, 2007, also nearly a year after Petitioner filed his Motion for Certificate of Appealability, Petitioner filed a Motion to Appeal in Forma Pauperis, which this Court similarly denied as moot.  (See Order of Mar. 13, 2007 [40].)  As the Court advised in its March 13, 2007 Order, in the event Petitioner believes that the Court has erroneously denied his request for a certificate of appealability, his remaining avenue for relief is to file a renewed application for a certificate of appealability with the Court of Appeals for the Eleventh Circuit.  Pruitt v. United States, 274 F.3d 1315, 1319 (11th Cir. 2001).

AO 72A
(Rev.8/82)